IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOUIS J. SIMMONS,**

      Plaintiff,

  vs.                          Civil Action 2:03-CV-967
                                Judge Holschuh
                                Magistrate Judge King

**PROMAXIMA MANUFACTURING, LTD.,**

      Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff's motion to enforce the consent judgment and settlement agreement previously entered in this case. *Motion of Plaintiff, Louis Simmons, to Enforce Consent Judgment and Settlement Agreement and Motion of Plaintiff, Louis Simmons, for Sanctions and Motion of Plaintiff, Louis Simmons, for a Finding of Contempt and Attorneys Fees*, Doc. No. 21 ("*Motion to Enforce*"). On August 26, 2008, the District Judge referred the *Motion to Enforce* to the undersigned for an evidentiary hearing and a *Report and Recommendation*. *Order*, Doc. No. 26. An evidentiary hearing was held on November 25, 2008. Doc. Nos. 38, 39. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion to Enforce* be **GRANTED**.

I. BACKGROUND

This is an action alleging patent and trademark infringement, 35 U.S.C. § 1 *et seq.,* 15 U.S.C. §1051 *et seq.*, in connection with plaintiff's weight lifting machines. *Complaint*, Doc. No. 1. Plaintiff also asserted claims under Ohio law. *Id*. On February 16. 2005, a consent judgment was entered in this case, incorporating the terms of the settlement agreement between the parties. *Consent*

*Judgment and Dismissal Entry*, Doc. No. 20 ("*Consent Judgment*"); Exhibit B, attached thereto ("*Settlement Agreement*").

On May 1, 2008, plaintiff filed the *Motion to Enforce*, contending that the *Consent Judgment* and the *Settlement Agreement* permanently enjoined defendant from using, directly or indirectly, the name "Reverse Hyper," or any similar term, in connection with the sale, offer for sale or manufacture of exercise equipment. *Motion to Enforce*, p. 1. Plaintiff argues that defendant violated the *Consent Judgment* and *Settlement Agreement*. *Id*. at 1-2.

After an initial date for the evidentiary hearing was set, the parties requested several continuances of the evidentiary hearing, resulting in multiple status conferences. *See* Doc. Nos. 27, 31, 34, 35, 36, 38. During the last two conferences, the parties indicated that they were discussing the terms of settlement of all remaining issues. Doc. Nos. 36, 38.

The parties were ultimately unable to resolve this matter. At the outset of the November 25, 2008, evidentiary hearing, the parties apparently agreed that, although defendant expressed interest in resolving this matter, plaintiff insisted on proceeding to the hearing.

The evidentiary hearing established the following facts:

Defendant acted in breach of the *Consent Judgment* and *Settlement Agreement* by (1) advertising for sale on its website and in its catalogue an exercise machine with the name "FW-105 Reverse Hyper Extension" ("the machine"); and by (2) selling three of these machines at a price of $695.00 per machine. Plaintiff's Exhibits 1 and 2, attached to Doc. No. 39. Defendant earns a net profit of ten percent

2

on each machine, or approximately $69.50.

Defendant's breach resulted from oversight. Upon notification of the breach, defendant ceased using the name on its website and in its catalogue and redesigned the machine. Defendant is currently in compliance with the *Consent Decree* and *Settlement Agreement*.

The parties stipulated through counsel to the reasonableness of plaintiff's counsel's hourly rate of $395.00 and to the reasonableness of the 2.5 hours spent by plaintiff's counsel in connection with the *Motion to Enforce*. Doc. No. 39.

The parties agree that the *Settlement Agreement* does not expressly provide for an award of attorney fees. Plaintiff argues that an award of fees, in addition to disgorgement of profits, is an appropriate equitable remedy in this case where plaintiff is a small business owner and defendant has admitted the breach. Defendant contends that an award of attorney fees is not appropriate because its breach of the *Consent Decree* and *Settlement Agreement* was a function of oversight, defendant took immediate remedial action upon notification of the breach and defendant is in current compliance with the *Consent Decree* and *Settlement Agreement*. Defendant also argues that equity does not demand an award of fees because defendant has incurred its own attorney's fees and because it incurred the expense of sending its representative from Texas to the evidentiary hearing -- an unnecessary expense, in defendant's view, in light of defendant's offer to settle the matter.

**II. STANDARD**

A sanction for a civil contempt is remedial and is intended to

accrue to the benefit of the complainant. *Gompers v. Buck Stove & Range Co.,* 221 U.S. 418, 441 (1911). "Broadly, the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Associates, Inc.,* 934 F.2d 1391, 1400 (6th Cir. 1991)(citing *United States v. Mine Workers,* 330 U.S. 258, 303-04 (1947); *Gompers,* 221 U.S. at 441).

**III. DISCUSSION**

As discussed *supra*, there is no dispute that defendant acted in breach of the *Consent Decree* and *Settlement Agreement* but that defendant is now in compliance. There is no evidence that defendant is likely to act in breach of the *Consent Decree* and *Settlement Agreement* again, and injunctive relief is unwarranted. Accordingly, the only issue is determining an appropriate remedy for plaintiff's damage resulting from defendant's past breach. *See Gompers,* 221 U.S. at 441; *Bayshore Associates, Inc.,* 934 F.2d at 1400.

The parties apparently agree that disgorgement of defendant's profits in connection with the sale of the three machines is appropriate. That profit totals $208.50. Plaintiff also seeks an award of attorney fees, totaling $987.50, incurred in connection with these proceedings.

The Court concludes that an award of attorney's fees in some amount is appropriate, but that an award of the total amount sought is unwarranted. Defendant offered to settle this matter without an evidentiary hearing, but plaintiff refused to consider terms of settlement. The evidence adduced at the hearing was uncontroverted and, indeed, was entirely consistent with the written record. *See,*

*Exhibits A, B, C,* attached to *Defendant's Motion to Remove Evidentiary Hearing from Court's Calendar,* Doc. No. 37. Plaintiff's insistence that the hearing be held unnecessarily prolonged this dispute, adding to the expense of the parties and the burden of the Court. The Court therefore concludes that equity requires that plaintiff be reimbursed for only one-half of his attorney fees, *i.e.,* 1.25 hours.

It is therefore **RECOMMENDED** that the *Motion to Enforce* be **GRANTED**. It is further **RECOMMENDED** that plaintiff be awarded one-half his attorney fees (1.25 hours at $395.00 per hour) and defendant's profits from the three machines sold in violation of the *Consent Decree* and *Settlement Agreement* ($69.50 for each machine), for a total of $702.25.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636 (b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to

have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


November 26, 2008                              *s/Norah McCann King*
                                                         Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge